06/02/2005 12:18 FAX     BAUTE & TIDUS LLP     ☒002

6729

JAMES E. TOWERY -- BAR NO. 74058
ALLISON B. SHORT -- BAR NO 223065
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
(408) 287-9501
FAX: (408) 287-2583

*E-FILED 6/7/05*

DONALD G. HUNT, JR. (Pro Hac Vice)
AKINS, HUNT & FEARON, P.C.
134 N. MAIN STREET, SUITE 204
Post Office Box 266
Fuquay-Varina, NC 27526
(919) 552-2020
FAX: (919) 552-2020

Attorneys for Plaintiff
BOB BARKER COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BOB BARKER COMPANY, INC. | No. C04 04813 ARB (JW) |
|---|---|
| Plaintiff, | |
| Vs. | **STIPULATED PROTECTIVE ORDER** |
| FERGUSON SAFETY PRODUCTS, INC., LONNA M. SPEER, and CAROLINE F. WINTER, | |
| Defendants. | |

UPON AGREEMENT AND STIPULATION of the Parties to this action as evidenced by the signatures of their counsel subscribed hereto, and upon consideration of the following:

    A.    The Parties from whom discovery has been sought or will be sought in this action possess certain proprietary and confidential business information and certain confidential personal information the public disclosure of which could cause injury or damage to the disclosing party;

1

STIPULATED PROTECTIVE ORDER -. C04 04813 ARB (JW)

  B. The Parties have mutually agreed to certain designated measures that will protect the interests of the Parties in preserving their proprietary and confidential business information or confidential personal information, while at the same time facilitating reasonable discovery in this action; and

  C. The measures designated by the Parties are reasonable and will not prejudice or unduly burden the Court.

  The Court finds that there is good cause to issue this Order. Wherefore, it is hereby ORDERED that:

  1. Provided it fits within the description of paragraph letter A <u>supra.</u>, any document, or portion thereof, and any other form of evidence voluntarily produced or discovered pursuant to the Federal Rules of Civil Procedure may be designated by any Party as confidential information (the "Confidential Information") and, if so designated, shall be subject to the terms and restrictions of this Consent Protective Order.

  2. Subject to paragraph number one, documents, information and materials may be designated as Confidential Information as follows:

   (a) Documents or copies provided by one Party to the other may be designated as Confidential Information by marking the initial page "Confidential" at the time they are produced for inspection. In lieu of marking the original document, if the original document is not produced, the Party may mark the copy that is produced. At the time documents are inspected by opposing counsel, producing counsel may also designate documents as Confidential Information by orally indicating their confidential nature and that they are subject to this Order.

   (b) Answers to interrogatories, requests for admission and other discovery responses, declarations, briefs, memoranda or other papers filed with the Court may be designated as Confidential Information by prominently marking such paper "Confidential."

06/02/2005 12:19 FAX                    BAUTE & TIDUS LLP                              ☒004

6729

(c) Information disclosed at the deposition of a Party or of one of its present or former officers, directors, employees, agents, consultants, or experts may be designated by a Party as Confidential Information by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Alternatively, the Party may designate information disclosed at such deposition as confidential by thereafter notifying all Parties in writing, within thirty (30) days of receipt of the transcript, of the pages and lines of the transcript which are confidential. Each Party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his possession, custody or control. All depositions shall be treated as confidential for a period of thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever shall occur first.

(d) Tangible objects may be designated as Confidential Information by affixing to the object or its container a label or tag marked "Confidential."

(e) All financial and customer data, repots and abstracts of the parties shall be deemed *per se* confidential without the necessity of marking these documents as confidential.

3. Access to documents, information or materials designated as Confidential Information shall be governed as follows: Documents, information and materials designated as "Confidential" pursuant to section two of this stipulations shall be made available to (i) outside counsel for respective parties, and their legal assistants, clerks and other support staffs; (ii) in-house counsel for the parties, and in-house counsel's legal assistants, clerks and other support staff; (iii) the parties to this litigation and any officer or employee of the parties; (iv) independent consulting and testifying experts or consultants retained by a party or its counsel to assist in the preparation or trial of this cause for use solely in such preparation or trial; (v) persons who are or may be witnesses in this action;

06/02/2005 12:19 FAX          BAUTE & TIDUS LLP                    ☒005

6729

and (vi) Court officials, personnel and officers, including court reporters. Persons to whom access to any Confidential Information is provided pursuant to subparts (iv) and (v) above shall, prior to gaining access to such Confidential Information, review this Order and sign a Confidentiality Declaration substantially in the following form:

> I, (name), understand that documents and information which are to be disclosed to me by counsel of record for (name party) are to be used by me solely to assist such counsel in prosecution or defense of claims involved in or related to the action <u>Bob Barker Company, Inc. v. Ferguson Safety Products et al.</u> I further understand that a Protective Order entered by the Court, a copy of which has been shown to me, prohibits me from either disclosing or using such documents or information for any other purpose or disclosing such documents or information to any person other than counsel of records for (name of party) or persons assisting them. In accepting disclosure, I agree to be bound by the terms and provisions of the Protective Order and submit to the jurisdiction of the Court for purposes of enforcement.

Counsel obtaining the execution of the Confidentiality Declaration shall retain it until conclusion of this action.

4. All persons receiving any or all documents produced pursuant to this order shall be advised of their confidential nature. All persons to whom Confidential Information and / or documents are provided are hereby prohibited from disclosing same to any other person or entity except as provided herein, and are further prohibited from using same except in the preparation for and trial of the above captioned action between the parties thereto. No person receiving or reviewing such confidential documents, information or

4

STIPULATED PROTECTIVE ORDER -. C04 04813 ARB (JW)

1  transcript shall disseminate or disclose them to any person other than those described in
2  paragraph three (3) and for the purposes specified, and in no event shall such person
3  make any other use of such document, information or transcript except for proper litigation
4  purposes.

5.  Should any party find it necessary to file or lodge with the court another party's Confidential Information, the party wishing to file or lodge the Confidential Information shall give reasonable advance notice to allow the party who designated the material confidential the opportunity to file an administrative motion and obtain an order pursuant to Civil Local Rule 79-5 requiring the Confidential Information to be filed with and maintained by the Clerk under seal.

6.  Nothing in this Order shall prevent a party from using any Confidential Information at trial or at any hearing related to the litigation.

7.  No party or person shall, for purposes of competition or otherwise, disclose or make use of any Confidential Information obtained from another party pursuant to pre-trial discovery or other proceedings in this action. Without further order of the Court, such information may be used only for purposes of this action.

8.  Nothing herein shall be construed as preventing any party from using any information that is derived lawfully from an independent source or that is in the public domain or that substantially becomes part of the public domain through no act of such party or from preventing a party from using information known by it prior to receiving the Confidential Information.

9.  Nothing herein shall be construed as an agreement or admission: (i) that any information, document or the like designated as Confidential Information by an opposing party is in fact confidential or a trade secret; or (b) with respect to competency, relevance or materiality of any thing designated as Confidential Information by any Party. Further, the parties stipulate and agree that objections with respect to competency, relevance or

5

STIPULATED PROTECTIVE ORDER -. C04 04813 ARB (JW)

1 materiality of any thing designated Confidential Information by any Party are fully
2 preserved.
3     10. Nothing herein shall prevent disclosure beyond the terms of this Order if the
4 party designating the Confidential Information consents in writing to such disclosure, or if
5 the Court, after notice to all affected parties, orders such disclosure.
6     11. Within sixty (60) days after the conclusion of this action or the time for all
7 appeals has expired, whichever shall occur last, all documents, objects and materials
8 produced or designated as Confidential Information under this Order, and all reproductions
9 thereof, shall be returned to the producing party or destroyed. However, counsel for a
10 party shall be permitted to retain in its files, copies of all papers and documents filed with
11 the Court in connection with this action.
12     12. Nothing herein shall affect or restrict the rights of any party with respect to its
13 own documents or information obtained or developed independently of documents,
14 transcripts and materials designated as Confidential Information of this Order.

WE CONSENT, STIPULATE AND AGREE:

DATED: May 26, 2005.

                                    HOGE, FENTON, JONES & APPEL, INC.

                                    By _____
                                    JAMES E. TOWERY
                                    Attorneys for Plaintiff BOB BARKER
                                    COMPANY, INC.

6

STIPULATED PROTECTIVE ORDER -. C04 04813 ARB (JW)

DATED: June 1, 2005.

BAUTE & TIDUS

By _____

Attorneys for defendants FERGUSON SAFETY PRODUCTS, INC., LONNA M. SPEER AND CAROLINE F. WINTER

It is so ordered, this the 7th day of June, 2005.

/s/ Richard Seeborg
~~JAMES WARE~~ RICHARD SEEBORG
UNITED STATES ~~DISTRICT COURT JUDGE PRESIDING~~
MAGISTRATE JUDGE

7

STIPULATED PROTECTIVE ORDER -. C04 04813 ARB (JW)