*E-FILED 3/9/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOB BARKER COMPANY, INC., | NO. C 04 04813 JW (RS) |
| Plaintiff, | **ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS** |
| v. | |
| FERGUSON SAFETY PRODUCTS, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

In this action for Lanham Act violations and related claims, plaintiff Bob Barker Company, Inc. ("BBC") moves to compel defendants to produce further documents in response to requests seeking various financial information that BBC contends is relevant either to its remedy of disgorgement of profits or to its punitive damages claim, or both. Defendants contend that the requests are overbroad and that, as a small business operation, they do not maintain many of the kinds of records sought.

Defendants, however, have failed to identify clearly the extent to which they are refusing to produce documents, as opposed to representing that the documents do not exist. The motion will therefore be granted, subject to certain limitations as to requests that are overbroad or otherwise inappropriate. No sanctions will be imposed.

## II.  BACKGROUND

BBC and defendant Ferguson Safety Products, Inc. ("Ferguson") are competitors in the business of supplying equipment to state and federal correctional facilities.  As characterized by BBC in its complaint in this action, Ferguson is a "relatively small" business that manufactures and markets only three basic products--a "suicide prevention smock," a blanket, and a sleeping bag.  Complaint paras. 17-18.  BBC, in contrast, "manufactures and sells a vast array of products . . . [including] personal care items, metal furnishings, mattresses, uniforms, clothing and linens."  Complaint para. 8.  In its opposition to these motions, Ferguson endorses this characterization of the parties' relative sizes, describing itself as being "David to BBC's Goliath."  Opposition at p. 10.

This action is the second case between these two litigants.  In the prior action Ferguson was the plaintiff, and obtained a jury verdict against BBC.  The matter was then settled prior to appeal.  Complaint, paras. 22-24.

This case arose after Ferguson distributed a promotional flier containing certain statements regarding BBC and its products that BBC contends are defamatory.  In its opposition to this motion, Ferguson repeatedly characterizes the present dispute as involving only the distribution of "less than 50" copies of a single flier.  The complaint, however, specifically alleges that Ferguson also 1) caused defamatory statements about BBC to be published in a nationally-distributed industry publication—*Correctional News*; 2) verbally defamed BBC to one of its customers at a trade show after this action was first filed and a stipulated restraining order entered; and 3) sent a letter to a correctional facility as recently as August of 2004 that enclosed the same or another defamatory flier, in alleged violation of the restraining order.  Complaint, paras. 28-32.  On "information and belief" BBC further alleges that defendants have "issued hundreds, if not thousands, of other inaccurate, false and defamatory communications concerning BBC" and its products.  Complaint para. 34.

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

2

## III.  STANDARDS

Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26 (c)).

Discovery requests for documents and tangible things are governed by Rule 34 of the Federal Rules of Civil Procedure.  The rule in relevant part states that,

> Any party may serve on any other party a request to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of and which are in the possession, custody or control of the party upon whom the request is served.

Fed. R. Civ. P. 34(a).

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B).

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

3

IV. DISCUSSION

A. General Findings

BBC's motion seeks to compel Ferguson to produce further documents in response to 25 specific document requests, all of which generally relate to Ferguson's financial condition or its sales, including its costs of goods sold. As noted, BBC contends that the requested documents are material to its alleged right for disgorgement of profits or its claim for punitive damages, or both. BBC explains that it formulated the document requests in consultation with a financial consulting firm that it retained to quantify and establish Ferguson's profits and net worth, and that the requests were tailored to elicit the information needed for that purpose.

Ferguson does not challenge the basic notion that BBC is entitled to information regarding its net worth and profits. Ferguson has already produced tax returns for 2002 through 2004 and a profit and loss statement for 2005. (Ferguson asserts that its 2005 tax return is not yet available). Ferguson asserts that these documents are sufficient to "show BBC how much gross revenue the company made in each year, its cost of goods sold, salaries, rents, etc., and the company's bottom line profit each year. BBC, however, complains that the corporate tax returns appear "incomplete" and that the profit and loss statement is only "three lines, non-detailed." Nor, BBC points out, do these few documents even come close to being responsive to all of the 25 separate requests.

Ferguson's proffered basis for not producing additional documents is two fold. First, in its responses and in opposition to this motion Ferguson explained that it is a "just a small company" that employs "just a few people who work hard" and that it "has never relied on expensive or sophisticated computer programs or software or related financial printouts, and does not track inventory, income, payables or receivables in the way contemplated by the document requests." Second, Ferguson argues that the document requests are overbroad and go far beyond matters directly related to net worth or profits. Ferguson asserts that the requests would allow BBC "to learn about every aspect of a competitor's business" and suggests that is the true motive behind the requests.

Having reviewed the requests at issue, the Court concludes that many of the requests are in

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)
4

fact overbroad, particularly to the extent that they seek information related to sales and marketing *strategies* or future *planning*, rather than actual historical sales *data.*    BBC's claim for disgorgement of profits entitles it to inquire into what profits were in fact made, and to the production of sufficient back up documentation to allow it to test any figures listed on tax returns, profit and loss statements, or the like.  Neither the claim for disgorgement of profits nor the punitive damages claim, however, opens the door for an unbridled examination into Ferguson's business planning and strategies. Also, as will appear in the discussion of specific requests below, in some instances BBC seeks materials that are so far removed from the sales and related data that will ultimately be admissible at trial that the requests cannot be deemed "reasonably calculated to lead to the discovery of admissible evidence," even if there is some theoretical possibility that the materials sought could contain information bearing on the issues.

      Finally, all of the document requests set a time frame of January 1, 2001 through the present. Even though there appears to be no dispute that the allegedly wrongful conduct complained of began no earlier than January of 2003, BBC contends that it needs sufficient historical data to permit a reliable analysis of the effect, if any, such allegedly wrongful conduct had on Ferguson's sales.  In balancing that need against the relatively minimal burden created by extending the time frame back to January 1, 2001, the Court concludes that the time period set forth in the requests should be permitted to stand.

      As to Ferguson's claim that it simply does not create or maintain many of the kinds of records "contemplated by the document requests," Ferguson's responses are too ambiguous to permit BBC or the Court to determine the extent to which Ferguson may be withholding responsive documents based on its other objections rather than asserting that no responsive documents exist. While Ferguson's responses were not "boilerplate" in the sense of containing only generalized objections of a sort that might be found in any case, Ferguson did repeat the same long paragraph of objections and explanations in all of its responses, regardless of the applicability of that recitation to the particular request.  That practice may have been sufficient to make clear that Ferguson does not possess many of types of records sought by the requests,  but it does not establish that all responsive

documents that may exist have been produced.[1]

Accordingly, while nothing in this order requires Ferguson to produce what it does not have, where this order compels a further response to a request, Ferguson must either produce all documents responsive to the request (as limited by this order), or serve a further response plainly and unequivocally stating that no documents exist in its possession, custody, or control that are responsive to that specific request.

B. <u>Specific Requests</u>

*Requests 33 through 42; Requests 47 through 48; Request 50; Request 52; and Request 54.*

With the exception of Request 40, these requests all seek primary internal documents or tax returns that relate directly to the disgorgement of profits or net worth or both. Request 40 is somewhat more tangential as it calls for reports of commission payments on sales, but it is sufficiently related to the issues to be permissible discovery. Ferguson shall produce all documents responsive to these requests, or a further response where no responsive documents exist.[2]

*Requests 43 through 46*

These requests seek projections and planning information that is not sufficiently related to the actual sales or net worth data at issue to be discoverable, as discussed above. No further responses to these requests will be required.

*Request 49*

This request seeks "all external and internal correspondence concerning items described in" the preceding requests. As to those of the preceding requests that the Court has found need no

---

[1] At the hearing, Ferguson's counsel's comments implied that additional responsive documents exist in at least some of the categories.

[2] Ferguson's suggestion at the hearing that these requests somehow be limited to apply only as to customers who received the "approximately 50" fliers is impractical and unwarranted. Ferguson was unable to suggest how such a limitation could be crafted that would be reliable and, more fundamentally, BBC's claims are based on allegations that the defamatory material was distributed far more widely than just through 50 fliers--including through publication in a national trade magazine.

further response, this request obviously also needs no further response.  Even as to those of the preceding requests that do require further response, it is too speculative to presume that "all external and internal correspondence" would contain or lead to the discovery of admissible evidence to justify the burden of producing such correspondence.  Accordingly, no further response to this request will be required.

*Request 51*

This request seeks "[a]ll financial software databases utilized in the operation of the business."  From Ferguson's responses, it appears that it may not have any such software.  Assuming that Ferguson does have some form of financial database software, however, no further production specific to this request need be made, because it is unclear how a party could go about producing "a database," which ordinarily is a dynamic collection of data that changes over time.  BBC's other requests for various reports and data are broad enough to require Ferguson to produce any data that may now exist, regardless of whether it was ever maintained in a "financial software database."  Thus, Ferguson may not withhold any documents (including electronic documents) that are responsive to any other request simply because they were created by or exist in a financial database program, but it need not produce documents specifically under this request.

Additionally, at the hearing, BBC raised the concept of permitting its expert direct access to whatever database software Ferguson may have, so that he or she could directly generate reports containing the information BBC contends it needs, even if Ferguson does not presently have such reports in its possession.  While permitting such an intrusive procedure might be warranted in some cases upon an adequate showing of need, and with adequate procedural safeguards in place to minimize business disruption and to restrict disclosure of irrelevant or proprietary material, it would be premature to authorize such a procedure here.  If, after reviewing the responses Ferguson provides in response to this order, BBC believes good cause exists to permit its expert to have direct access to any such database, BBC may seek such access by making an adequate showing of why it is necessary, and by proposing a procedure containing adequate safeguards to protect Ferguson's interests.

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

7

*Request 53*

This request seeks production of all "bank statements, cancelled checks, deposit slips and deposit books." Such documents are cumulative to the other requests and likely would contain no additional admissible evidence or lead to the discovery of admissible evidence, absent fraud in the other documents. Without any indicia of fraud, the possibility of discovering admissible evidence in or from these documents is too speculative to justify the burden of production. Accordingly, no further response to this request will be required.

*Request 55*

This request seeks "all adjusting journal entries prepared by an outside CPA or accounting firm." It is sufficiently related to the issues to require further production of any responsive documents, or a statement that none exist.

*Requests 56 and 57*

These requests seek correspondence with any outside CPA or accounting firm, and any "workpapers" used by such accountants in the preparation of financial statements or tax returns. It is possible that any accountants' "workpapers" included documents that must be produced in response to other requests, and Ferguson shall not use the Court's decision on this request as a basis to withhold any documents responsive to other requests. However, production of "workpapers" as such, or of correspondence between Ferguson and accountants, would be cumulative to the other requests and likely would contain no additional admissible evidence or lead to the discovery of admissible evidence, absent fraud in the other documents. For the same reasons as discussed regarding Request 53, no further response to these requests will be required.

C. <u>Status of Defendant Lonna Speer</u>

Defendant Lonna Speer is a principal of Ferguson. The moving papers were not entirely clear as to whether BBC intended this motion to apply to her individual document responses and production or not. The papers in places refer to defendants in the plural, and elsewhere in the singular. No argument is specifically directed to Speer individually. The accompanying motion

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

8

for sanctions omits any mention of the requests directed at Speer individually.[3]

Although it is now apparent that BBC did intend to compel further responses from Speer individually as well as from Ferguson, the briefing does not permit the Court to evaluate the extent to which differences in the requests directed at Speer individually or differences arising from her status as an individual might warrant a different analysis with respect to any specific requests. The Court therefore declines to issue specific rulings regarding Speer and instead directs the parties to meet and confer further regarding her responses in light of the rulings the Court has made as to Ferguson. Should any issues remain as to Speer that the parties cannot resolve taking this order as a guide, BBC may renew its motion as to Speer.

D. <u>Motion for Sanctions</u>[4]

As reflected in the rulings above, Ferguson's prior responses and document production were not adequate. Even where a document request is overbroad or contains portions to which legitimate objections may be made, a party must respond as to those requests for which no objection is invoked. Conversely, however, the requests here were overbroad in certain respects, as discussed above. Under these circumstances, the Court finds that the imposition of sanctions is not warranted.

---

[3] Also, the declaration of Donald Hunt in support of the motion to compel asserts that Speer's individual responses would be attached as exhibit 2, but no exhibit 2 was included in the document as electronically filed or as an attachment to the chambers copy. At the hearing, BBC's counsel explained that exhibit 2 was omitted because Speer served no responses concurrently with Ferguson's initial responses, but that her responses were served with Ferguson's supplemental responses and were therefore attached as exhibit 14 to the Hunt declaration.

[4] BBC initially submitted its request for sanctions as part of its motion to compel. It then withdrew that portion of the motion, and refiled the sanctions request as a separate motion, as required by the local rules.

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

9

## V.  CONCLUSION

The motion to compel is GRANTED, IN PART.  Ferguson shall produce documents or further responses, as described and limited above, to Requests 33 through 42, 47 through 48, 50 through 52 and 54 through 55.

The motion to compel is otherwise DENIED.

The motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2006

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

10

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Mark D. Baute     mbaute@bautelaw.com, llarios@bautelaw.com

Allison B. Short     abs@hogefenton.com,

Jeffrey Alan Tidus     jtidus@bautelaw.com, aleung@bautelaw.com; ncardeno@bautelaw.com; dcrochetiere@bautelaw.com

James E. Towery     jet@hogefenton.com, slq@hogefenton.com; apb@hogefenton.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: March 9, 2006**                              **Chambers of Judge Richard Seeborg**

                                                      **By:     /s/ BAK**

ORDER RE MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS
C 04 04813 JW (RS)

11